**UNITED STATES DISTRICT COURT**　　　**EASTERN DISTRICT OF TEXAS**

BRUCE ALLEN RUTHERFORD #27006078 §
　　　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　　　§　CIVIL ACTION NO. 4:19-CV-348
　　　　　　　　　　　　　　　　　§　CRIMINAL ACTION NO. 4:17-CR-41(1)
UNITED STATES OF AMERICA　　　　§

### MEMORANDUM OPINION AND ORDER

In a Motion for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (#58), *pro se* Movant Bruce Allen Rutherford asks the Court to reconsider the denial and dismissal of his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.  After reviewing Movant's Motion for Relief and the record, the Court is of the opinion that the motion should be dismissed.

## I.  BACKGROUND

On May 5, 2018, the Court sentenced Movant to 150 months' imprisonment after he pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252.  On March 25, 2019, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence. *United States v. Rutherford*, 762 F. App'x 178 (5th Cir. 2019).  Movant then filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, which this Court denied and dismissed with prejudice on June 17, 2021 (##50, 51).  On August 11, 2021, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal for want of prosecution (#56).  On January 19, 2022, Movant filed the instant motion (#58), asking that the judgment be set aside pursuant to Fed. R. Civ. P. 60(b)(6).

## II.  DISCUSSION

Movant states he is bringing the instant motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.  When a movant's Rule 60 motion is an attempt to gain relief from his conviction, however, a court should construe it as a § 2255 motion.  *See United States v. Ruiz*, 51 F. App'x 483 (5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999) (Rule 60 motions should be construed as successive habeas petitions governed by the AEDPA's provisions).   In the instant motion, Movant seeks the same relief as that sought in his § 2255 motion.  Movant is attempting to avoid the procedural hurdles of filing a successive and untimely § 2255 motion by filing the instant motion for relief pursuant to Federal Rule of Civil Procedure 60.  Because Movant is challenging his underlying conviction, the motion is appropriately construed as a § 2255 motion.

The record shows that Movant's § 2255 motion was denied and the case was closed on June 17, 2021 (##50, 51).  A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).   Accordingly, the Court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit.  *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant filed a prior § 2255 motion, and the Fifth Circuit did not grant permission to file a successive § 2255 motion).  Movant fails to allege or show that the Fifth Circuit granted him permission to file a successive § 2255 motion.  Therefore, the  present motion should be dismissed for want of jurisdiction.  *Id*.

2

It is accordingly **ORDERED** that Movant's "Motion of Relief (Fed. R. Civ. P. 60(b)(6)"

(#58) is **DISMISSED**.

SIGNED at Beaumont, Texas, this 17th day of October, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE