# UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BRUCE ALLEN RUTHERFORD #27006078 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:19-CV-348 |
| § | CRIMINAL ACTION NO. 4:17-CR-41(1) |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

In a "Motion to Reconsider Ruling on Defendant's Rule 60(b)(6) Motion on Judicial Bias, Prejudice, and Abuse of Discretion," (#63), *pro se* Movant Bruce Allen Rutherford asks the Court to reconsider the dismissal of his motion. After reviewing Movant's motion and the record, the Court is of the opinion that the motion for reconsideration should be denied.

### I. BACKGROUND

On May 5, 2018, the Court sentenced Movant to 150 months' imprisonment after he pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252. On March 25, 2019, the United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence. *United States v. Rutherford*, 762 F. App'x 178 (5th Cir. 2019). Movant then filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, which this Court denied and dismissed with prejudice on June 17, 2021 (##50, 51). On August 11, 2021, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal for want of prosecution (#56). On January 19, 2022, Movant filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(6) (#58). On October 18, 2022, this Court construed Movant's Rule 60 motion as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and dismissed it as successive (#62).

## II.  DISCUSSION

Movant brings the same complaints in this motion as previously ruled upon.  He first complains that the judges in this case are biased against him.  As previously ruled (#39), Movant fails to provide information that would lead a reasonable person to conclude that the judges in this case were biased against him, nor does he point to a personal, non-judicial bias.  *Henderson v. Dep't of Public Safety and Corr.*, 901 F.2d 1288, 1296(5th Cir. 1990) (a movant must provide a legally sufficient affidavit of personal bias and prejudice on the part of a judge by(1) stating material facts with particularity, (2) stating facts that, if true, would convince a reasonable person that bias exists, and (3) show that the bias is personal rather than judicial in nature).  As noted in the Court's Order denying Movant's motion to recuse, mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal.  *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994).  Affidavits based on mere conclusions, opinions, or rumors rather than personal knowledge are legally insufficient to require recusal.  *Henderson*, 901 F.2d at 1296.  The Court notes that Movant wholly failed to file an affidavit, much less statements of facts showing personal bias and prejudice.

Movant also complains that his Rule 60(b) motion was construed as a successive § 2255 motion. For the same reasons stated in the Memorandum Opinion and Order (#62), that ruling will stand.   When a movant seeks the same relief as that sought in his § 2255 motion, i.e., relief from his conviction, it is proper to construe it as a § 2255 motion.  *See United States v. Ruiz*, 51 F. App'x 483(5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999) (Rule 60 motions should be construed as successive habeas petitions governed by the AEDPA's provisions).

Finally, Movant asks that his case be assigned to a different judge, preferably in another district, claiming that he cannot get a fair hearing. As discussed above, Movant fails to show bias or prejudice. This request is also moot as Movant's case is over. Final Judgment issued on June 17, 2021, and each of Movant's postjudgment motions have either been denied or dismissed. Movant may file a motion with the United States Court of Appeals for the Fifth Circuit if he wishes to obtain permission to file a successive § 2255 motion. A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).

It is accordingly **ORDERED** that Movant's "Motion to Reconsider Ruling on Defendant's Rule 60(b)(6) Motion on Judicial Bias, Prejudice, and Abuse of Discretion," (#63), is **DENIED**.

It is further **ORDERED** that Movant file any future motions with the United States Court of Appeals for the Fifth Circuit as opposed to this Court.

SIGNED at Beaumont, Texas, this 7th day of June, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE