| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

BRUCE ALLEN RUTHERFORD #27006-078 §
§
*versus* § CIVIL ACTION NO. 4:19-CV-348
§ CRIMINAL ACTION NO. 4:17-CR-41(1)
UNITED STATES OF AMERICA §

## MEMORANDUM OPINION AND ORDER

On July 17, 2023, Appellant Bruce Allen Rutherford filed a notice of appeal (Dkt. #67), but he must first obtain a Certificate of Appealability before he may appeal a district court's decision. 28 U.S.C. § 2253(c)(1). The Court construes his notice of appeal as a motion for Certificate of Appealability.

A Certificate of Appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a Certificate of Appealability should issue when the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a Certificate of Appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a Certificate of Appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was denied because he failed to raise issues with any merit. Movant has not shown that the decision denying his § 2255 motion was wrong or that jurists of reason would find the assessment of his claims or case debatable. He simply has not made a substantial showing of the denial of a constitutional right and is not entitled to a Certificate of Appealability.

It is accordingly **ORDERED** that the motion for a Certificate of Appealability, construed from the notice of appeal, is **DENIED**. All future motions should be filed with the Clerk of the United States Court of Appeals for the Fifth Circuit.

SIGNED at Beaumont, Texas, this 4th day of October, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE